**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| AHOY RV RESORT, LLC and CHRIS LOPEZ | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO: 3:25-cv-1544 |
| ZARAHN INSURANCE AGENCY, INC. and EDWARD A. ZARAHN | * | **JURY DEMAND** |
| Defendant. | * | |

## COMPLAINT

Come now Plaintiffs Ahoy RV Resort, LLC and Chris Lopez ("Plaintiffs"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, and file their complaint against Defendants Zarahn Insurance Agency, Inc. and Edward A. Zarahn ("Defendants"), as follows:

### Parties

1. Plaintiff Ahoy RV Resort, LLC ("Ahoy") is an Alabama limited liability company with a principal place of business in Baldwin County, Alabama.

2. Plaintiff Chris Lopez is an adult resident of Baldwin County, Alabama. Mr. Lopez is the manager of Ahoy.

3. Defendant Zarahn Insurance Agency, Inc. ("Zarahn") is a Florida corporation with its principal place of business in Escambia County, Florida.

4. Defendant Edward A. Zarahn is an adult resident of Escambia County, Florida. At all material times hereto, Mr. Zarahn was licensed by the State of Florida as an insurance agent.

**Jurisdiction**

5. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Zarahn and Mr. Zarahn reside in this judicial district.

**Facts**

7. Ahoy is the owner of an RV Park near Foley, Alabama.

8. Zarahn is an insurance agency in Pensacola, Florida. Zarahn markets itself as "Pensacola's premier insurance agency" which specializes in personal and commercial insurance services. Zarahn has a duty to procure the appropriate insurance policies for its clients.

9. In May 2018, Ahoy retained a general contractor, Boyles Construction Group, LLC ("Boyles"), to develop the RV park. Boyles was licensed by the State

of Florida as a general contractor. At all material times, Boyles' principal place of business was in Escambia County, Florida.

10. Ahoy and Boyles entered into the "Site Work Contract" marked as Exhibit 1 and the "Clubhouse Contract" marked as Exhibit 2.

11. Both the Sitework Contract and the Clubhouse Contract required Boyles to purchase general liability insurance with coverage in the amount of one million dollars ($1,000,000) per occurrence and an aggregate amount of two million dollars ($2,000,000). Additionally, both contracts required Boyles to take steps to name Ahoy as an additional insured on the policies.

12. Boyles had a very long history of purchasing its insurance policies through Zarahn. Boyles contacted Zarahn in May 2018 and requested a Certificate of Liability Insurance ("Certificate") listing Ahoy as an additional insured per the terms of the Site Work Contract and Clubhouse Contract. In response, Katy Deaton, on behalf of Zarahn, populated the Certificate and emailed it to Boyles who, in turn, emailed it to Ahoy and Mr. Lopez. The Certificate is marked as Exhibit 3. Mr. Zarahn's signature appears as the authorized representative of Zarahn. The Certificate identifies the insurers as United Specialty Ins. Co. and Liberty Mutual Insurance Co. The Certificate states that Zarahn sold Policy No. DCG00586-02 to Boyles, effective November 13, 2017 through November 13, 2018, with one million dollars ($1,000,000) per occurrence limits and an aggregate amount of two million

dollars ($2,000,000). Ahoy was listed on the Certificate as the certificate holder and an additional insured.

13. The Plaintiffs relied on the Certificate when agreeing to retain Boyles to manage and construct the RV park. The Plaintiffs relied on the Defendants to send renewal notices, quotes, and to advise Boyles to purchase insurance.

14. The Defendants knew or should have known that project owners, like Ahoy, typically rely on certificates when hiring general contractors to develop property.

15. Boyles negligently managed and constructed the RV park. Between May 2018 and November 2018, the Plaintiffs suffered damages due to Boyles' negligence. In April 2019, the relationship between Ahoy and Boyles was terminated.

16. On November 15, 2019, Boyles filed two separate actions against Ahoy and Mr. Lopez in the Circuit Court of Baldwin County, Alabama. Both of the circuit courts ordered the parties to arbitrate the disputes according to the arbitration agreements in the Site Work Contract and Clubhouse Contract.

17. Boyles later filed a demand with the American Arbitration Association ("AAA") against Ahoy and Mr. Lopez, and Ahoy and Mr. Lopez then filed a counter-demand against Boyles and its owner, Michael Boyles.

18. In response to the counter-demand, insurance defense counsel appeared on behalf of Boyles through filings with the AAA. The Plaintiffs reasonably believed that insurance defense counsel was defending the counter-demand as part of the duties owed by the insurance carriers listed in the Certificate. The Plaintiffs did not have any reason to believe otherwise.

19. In January 2025, during discovery in the action pending with the AAA, Ahoy and Mr. Lopez first learned that the Certificate misrepresented that Ahoy was an additional insured under Policy No. DCG00586-02. Tara Norris, on behalf of Zarahn, sent a letter dated January 20, 2025, marked as Exhibit 4. In the letter, Ms. Norris indicated that Policy No. DCG00586-02 related to a policy effective between November 13, 2016 and November 13, 2017. Ms. Norris also stated that Zarahn failed to send a renewal notice to Boyles after generating the renewal terms.

20. On January 31, 2025, the Plaintiffs' counsel wrote a letter to the Defendants and placed them on notice of the claim.

21. Boyles then produced to the Plaintiffs other certificates received from the Defendants in which Katy Deaton misrepresented that Policy No. DCG00586-02 had been purchased and was effective between November 13, 2017 and November 13, 2018. Boyles believed it had insurance coverage. The Defendants were grossly negligent and acted recklessly by repeatedly misrepresenting materials facts in certificates.

22. Because of the Defendants' wrongful acts and omissions, Boyles was grossly underinsured for the damages incurred by the Plaintiffs.

23. Boyles is a single member limited liability company without any assets.

24. The Plaintiffs suffered damages in excess of five million dollars ($5,000,000) as a proximate cause of Boyles' negligence and other wrongful acts and omissions.

25. The arbitration hearing started on July 14, 2025. The parties entered into a confidential settlement agreement on July 16, 2025 during the arbitration hearing, shortly before a key witness for the Plaintiffs was going to testify and blame Boyles for the construction defects and problems. The lack of insurance coverage between May 2018 and November 13, 2018 negatively impacted the settlement value.

26. As part of the settlement agreement, Boyles assigned to Ahoy all of its contract, tort, statutory, and equitable claims, causes of action, and theories that it had against Zarahn. The Zarahn Assignment is marked as Exhibit 5. The Zarahn Assignment is governed by Florida law.

27. The Plaintiffs bring claims against Zarahn directly and, indirectly, through the Zarahn Assignment.

## COUNT ONE
## (NEGLIGENCE)

28. The Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

29. Boyles hired Zarahn as its insurance agency to select and sell Boyles insurance policies after finding the best products on the market.

30. The Defendants owed a duty of care to Boyles and the Plaintiffs to procure the appropriate insurance coverage.

31. The Defendants breached the standard of care and its duties by (1) populating the Certificate in May 2018 with a policy number that expired in November 2017, (2) listing Ahoy as an additional insured for an expired policy, (3) failing to send quotes and renewal proposals to Boyles prior to November 13, 2017, (4) failing to verify if the policy number in the Certificate was legitimate, (5) failing to adequately communicate with Boyles about insurance coverage, (6) failing to properly train and supervise Katey Deaton and other employees, (7) failing to comply with the insurance code adopted by the State of Florida, and (8) failing to act according to industry standards and practices.

32. The Defendants' negligence proximately caused the Plaintiffs to suffer damages.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants for compensatory damages, including prejudgment interest, attorney's fees, and costs.

**COUNT TWO**
**(FRAUD)**

33. The Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

34. The Defendants misrepresented to Boyles and the Plaintiffs that Ahoy was an additional insured under Policy No. DCG00586-02. The Certificate misrepresented material facts.

35. The Defendants knew or should have known that the Certificate contained misrepresentations of material facts. The Defendants are guilty of gross negligence and recklessness.

36. The Defendants knew or should have known that Ahoy would rely on the Certificate.

37. Boyles and the Plaintiffs relied on the Defendants' misrepresentations and agreed to enter into the Site Work Contract and Clubhouse Contract based on the Defendants' misrepresentations.

38. The Defendants suppression material facts from Boyles by failing to disclose that the Certificate and other certificates falsely represented that Boyles had insurance coverage.

39. The Plaintiffs have been damaged as a proximate cause of the Defendants' fraudulent misrepresentations and suppression of material facts.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants for compensatory and punitive damages, including prejudgment interest, attorney's fees, and costs. The Plaintiffs further demand all equitable relief the Court deems proper and just.

**COUNT THREE**
**(BREACH OF CONTRACT)**

40. The Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

41. Boyles retained the Defendants to procure its insurance policies to operate Boyles' construction business.

42. The Defendants agreed to procure insurance policies to meet the business needs of Boyles.

43. The Defendnats breached their agreement with Boyles by (1) populating the Certificate in May 2018 with a policy number that expired in November 2017, (2) listing Ahoy as an additional insured for an expired policy, (3) failing to send quotes and renewal proposals to Boyles prior to November 13, 2017, (4) failing to verify if the policy number in the Certificate was legitimate, (5) failing to adequately communicate with Boyles about insurance coverage, (6) failing to properly train and supervise Katey Deaton and other employees, (7) failing to comply with the insurance code adopted by the State of Florida, and (8) failing to act according to industry standards and practices

44. The Plaintiffs have suffered damages as a result of the breaches of contract.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants for compensatory damages, including prejudgment interest, attorney's fees, and costs.

## COUNT FOUR
## (BREACH OF FIDUCIARY DUTY)

45. The Plaintiffs incorporate the preceding paragraphs as if fully stated herein.

46. Boyles and the Defendants had a special relationship given the length and nature of their business relationship and other circumstances.

47. The Defendants owed fiduciary duties to Boyles.

48. The Defendants breached their fiduciary duties by (1) populating the Certificate in May 2018 with a policy number that expired in November 2017, (2) listing Ahoy as an additional insured for an expired policy, (3) failing to send quotes and renewal proposals to Boyles prior to November 13, 2017, (4) failing to verify if the policy number in the Certificate was legitimate, (5) failing to adequately communicate with Boyles about insurance coverage, (6) failing to properly train and supervise Katey Deaton and other employees, (7) failing to comply with the insurance code adopted by the State of Florida, and (8) failing to act according to industry standards and practices.

49. The Defendants' acts and omissions proximately caused the Plaintiffs to suffer damages.

WHEREFORE, the Plaintiffs demand a judgment against the Defendants for compensatory and punitive damages, including prejudgment interest, attorney's fees, and costs.

**JURY DEMAND**

The Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure

Dated: September 5, 2025

Respectfully submitted,

/s/ *William G. Chason*
WILLIAM G. CHASON
Alabama Bar Number ASB-5462-I51C
wchason@mcdowellknight.com
*Attorney for Ahoy RV Resort, LLC and Chris Lopez*

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)

DEFENDANT ZARAHN INSURANCE AGENCY, INC.
TO BE SERVED BY PRIVATE PROCESS SERVICE AS FOLLOWS:

Zarahn Insurance Agency, Inc.
c/o Edward A. Zarahn as Agent for Process
229 Beverly Pkwy,
Pensacola, FL 32505

DEFENDANT EDWARD A. ZARAHN
TO BE SERVED BY PRIVATE PROCESS SERVICE AS FOLLOWS:

Edward A. Zarahn
229 Beverly Pkwy,
Pensacola, FL 32505